[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant, William Reeves, moves to strike those portions of the first, second, and third counts which purport to attribute liability to him individually. Also, Reeves and Easy Flow Brewing Systems, Inc. (Easy Flow) move to strike the second count of the complaint, which count alleges a violation of the Connecticut Unfair Trade Practices Act (CUTPA), G.S. § 42-110a ff.
A motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings". Mingachos v. CBS, Inc., 196 Conn. 91,108 (1985).
 I
The complaint sets forth in the first count a claim of unjust enrichment arising from the retention of a $25,950 deposit paid by the plaintiff to Easy Flow. The second count reiterates this claim as a CUTPA violation. The complaint alleges that Reeves was the president and a director of Easy Flow and signed a document which is at the core of the wrongful retention of deposit assertion. Copies of the purported quotation and purchase contract are attached to and incorporated in the complaint. These documents name Easy Flow as the negotiating and contracting party. Reeves' signature appears above his title as president.
An officer or director of a corporation is usually shielded from liability for corporate acts. Campisano v. Nardi,212 Conn. 282 288 (1989). Absent any allegation that Reeves was acting individually as well as president of Easy Flow, he, as a matter of law, incurs no liability for the corporation's delinquent acts, if any. The motion to strike is granted as to Reeves' individual liability.
 II
Addressing Easy Flow's motion to strike the CUTPA count, the court denies that motion. The complaint states that the CT Page 11406 corporation has wrongfully retained the plaintiff's deposit of $25,950. It further complains that the corporation attempted to substitute more onerous terms in a contract than were negotiated and secured by the deposit. Our Supreme Court has adopted the "cigarette rule" to define CUTPA violations. A-G Foods, Inc. v.Pepperidge Farms, Inc., 216 Conn. 200, 215 (1990). That rule delineates as unfair practices those acts which injure consumers and violate concepts of fairness or are immoral, unethical, oppressive, or unscrupulous. Id. The court cannot hold, as a matter of law, that wrongfully withholding a large deposit cannot constitute immoral, unethical, oppressive, or unscrupulous conduct.
The motion to strike the second count as to Easy Flow is denied.
Sferrazza, J.